Kerler and others, Respondents, vs. Evangelical Emanuel's Church of Hales Corners and others, Appellants.

*May 7—June 20, 1940.*

For the appellants there was a brief by *Jacobson, Malone & Hippenmeyer* of Waukesha, and oral argument by *Don B. Malone*.

For the respondents there was a brief by *Bitker & Puchner* of Milwaukee, and oral argument by *Irving A. Puchner*.

MARTIN, J.   Appellants (defendants) contend, (1) that the church from the date of its organization in 1888 has been and now is an independent religious congregation and as such the majority of its members has control; (2) that though the amendments of 1937 changed the faith, there is no ground for complaint because the amendments of 1938 restored the faith as originally provided in the constitution and by-laws; (3) that even though defendant congregation was affiliated with the Evangelical Synod of North America, its affiliation has been terminated by the fact that said synod no longer exists, that it is now a part of a new church, the Evangelical and Reformed Church of the United States; (4) that there is no ground for the removal of the defendant Rev. Hornburg as pastor because he has never been discharged by the congregation; and (5) that there is no ground for equitable relief.

All of the foregoing contentions, except the last, are factual and will be considered collectively.   All of said contentions, except the one relating to the amendments of 1938, were considered by this court upon the former appeal, that is, the facts involved were set out fully in the complaint to which defendants filed a joint demurrer on the ground that the complaint did not state facts sufficient to constitute a cause of action. The contention that the congregation has been, since its organization and now is, an independent religious congregation subject to the majority rule of its members is not sustained

by the evidence. This contention is based upon a provision in the articles of incorporation which states the purpose was to form a religious society for the independent worship of God. On the other hand, plaintiffs contend the church was organized as a member of the Evangelical Synod of North America, and in support of their contention they claim that the constitution adopted by the congregation at the time of its organization shows that the real purpose of the organization was to create a member of the synod named in the constitution, with the confession of faith of that synod and to have services and teaching conducted as prescribed by that synod.

At page 247, of the former opinion, the court said:

"We are of opinion that the fact that the constitution of the church as adopted contemporaneously with the adoption of its articles of incorporation supports the inference that the church 'was organized as a religious corporation of the Evangelical Faith' as particularly alleged in the complaint and that this is not inconsistent with the declaration of the articles of incorporation that the purpose of organization was 'the independent worship of God.' The plaintiffs allege in their complaint that the phrase 'independent worship of God' as used in the articles of incorporation means 'independent from political or state coercion and control,' and we do not perceive that it may not so mean, or why the allegation should not be taken as an allegation of fact."

The trial court found that, (3) "in 1888 the Evangelical Emanuel's Church of Hales Corners was organized as a religious corporation of the Evangelical faith. At the time of its organization, it adopted a constitution and by-laws, by the terms of which the church corporation adopted the Evangelical faith and affiliated itself with the Evangelical Synod of North America. On the 22d day of May, 1932, the Evangelical Emanuel's Church of Hales Corners amended its constitution and by-laws. By the terms of said constitution, as amended, the church corporation continued its affiliation with the Evangelical Synod of North America and its adherence

to the Evangelical faith. From time to time the church corporation acquired property to be used in the maintenance, support, propagation, and teaching of the Evangelical faith." This finding is amply supported by the evidence.

To avoid reference to the specific findings of the court below, we deem it sufficient to say that as to all the material facts alleged in the complaint, and which this court has passed upon on the former appeal, that following the trial of the case upon the merits, the court below found, as to such facts, in plaintiffs' favor.

The original constitution and by-laws, as amended, including the amendments of 1937, were a part of the complaint in this action. The court below found that in effect the amendments of November, 1937, to the constitution and by-laws of defendant congregation changed the denomination of the church from the Evangelical to a nondenominational faith; that instead of being affiliated with the Evangelical Synod of North America, it is now affiliated with no denominational group; that by its rejection of the Heidelberg Catechism and of the liberality of conscience permitted by Evangelical principles, plaintiffs cannot, except by sacrificing their religious beliefs, remain as members of the corporation; and that the adoption of the 1937 amendments to the constitution and by-laws was a marked and substantial departure from the Evangelical faith, and a severance and termination of the church's affiliation with the Evangelical Synod of North America. The court further found that the amendments of 1938 did not restore the faith as originally provided in the constitution and by-laws prior to the 1937 amendments. The court held that the amendments of 1937 and 1938 were null and void.

In *Marien v. Evangelical Creed Congregation,* 132 Wis. 650, 652, 113 N. W. 66, the court said:

"The only concern of courts with the differences of creed or belief within or between religious organizations is when

some property or contract rights are involved and demand protection. It is, however, fully established by our own court, in common with most others, that when property has been acquired, whether by gift or purchase, for the maintenance and support of the faith of any recognized denomination or church, every member of the association acquiring it, corporate or unincorporated, has a right to resist its diversion to other antagonistic uses, whether secular or religious, and therefore those who hold the title or control, whether a corporation or the officers of the association, hold it charged with a trust to apply it to the uses for which acquired and not to inconsistent ones. [Citing cases.]"

This court cannot disturb the findings of the trial court unless they are against the great weight and the clear preponderance of the evidence. After carefully considering all the evidence, we conclude that the findings are amply supported by the evidence and the judgment must be affirmed.

*By the Court.*——Judgment affirmed.